1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    SCOTT HAEFNER,                            No. C 11-00112 CRB

12                 Plaintiff,                    **ORDER GRANTING MOTION FOR
                                                 SUPPLEMENTAL ATTORNEYS'**
13          v.                                   **FEES**

14    GLORIA RHOADS BERLIN,

15                 Defendant.
      _____/
16

17          This is a copyright infringement claim suit brought by photographer Scott Haefner

18    ("Plaintiff") against an author, Gloria Berlin ("Defendant") for using his photographs without

19    permission on the cover of the author's book.  Compl. (dkt. 1).  Specifically, Plaintiff alleges

20    Defendant used three of his photographs on the cover of her book "In Search of Neverland,"

21    without any authorization from Plaintiff.  Compl. ¶¶ 5, 9.  In fact, Defendant's son requested

22    a license for the photographs, which Plaintiff refused, and Defendant used the photographs

23    anyway.  Compl. ¶¶ 8-10.

24          Plaintiff requests that the judgment on file be increased by the amount of fees and

25    costs incurred since April 13, 2011, the date on which Plaintiff made a request for default

26    judgment.  Mot. (dkt. 49) at 1.[1]  Since that date, Defendant has prolonged this litigation by

27    appearing briefly in some procedural hearings (dkts. 30, 34, 36), and then becoming

28

_____

[1] Plaintiff incorrectly states that he made this request on June 8, 2011. Mot. at 1. The request for default
judgment was actually made on April 13, 2011. Mot. for Default Judgment (dkt. 11) at 1. On June 8,
2011, Plaintiff filed a motion to continue the default prove-up hearing. Dkt. 31.

United States District Court
For the Northern District of California

1    unresponsive.  Dkt. 41.  Plaintiff is requesting supplemental fees for the hours spent on these

2    delays, and on the successful motion for default judgment heard in this Court on October 21,

3    2011.  Dkt. 48.  The total amount of attorneys' fees requested to be added to the judgment is

4    $3,180 (for 15.9 hours), and costs of $118.70, for a total increase in judgment of $3,298.70,

5    so that the judgment would be for $7,973.33.

6         This Court GRANTS the Motion for Supplemental Attorneys' Fees in the amount of

7    **$3,298.70**.  Berlin is no longer actively defending herself, Default Judgment is proper, and

8    the $7,972.33 total award sought is appropriate.

9    **I.    BACKGROUND**

10        Plaintiff filed a Motion for Entry of Default on March 7, 2011.  Dkt. 7.  The Clerk

11   filed a Notice of Entry of Default as to Gloria Berlin on March 9, 2011.  Dkt. 8.  Plaintiff

12   filed a Motion for Default Judgment on April 13, 2011.  Dkt. 11.  Defendant's counsel then

13   filed a Motion to Appear by Telephone at the Default Hearing on June 8, 2011.  Dkt. 30.  In

14   response to Defendant appearing to retain an attorney, Plaintiff filed a Motion to Continue

15   the Default Hearing for 60 days, dkt. 31, to which Defendant filed a Notice of Non-

16   Opposition, dkt. 34.  Defendant then filed a Declination to Proceed before a Magistrate Judge

17   on July 6, 2011, dkt. 36, but has not filed anything since then.  Defendant also did not appear

18   at the Initial Case Management Conference held August 9, 2011.  Dkt. 41.  Nor has

19   Defendant filed anything in response to the Motion for Default Judgment.  Accordingly,

20   although it appears that at some point Defendant was defending herself, she is no longer

21   actively participating in the case.

22   **II.    LEGAL STANDARD**

23        In determining whether to award attorney fees on a copyright claim, the district court

24   should consider the degree of success obtained by the moving party, the frivolousness of any

25   claims, the motivation for the claims, the objective reasonableness of the factual and legal

26   arguments advanced in support of them and the need for compensation and deterrence.  See

27   Fantasy, Inc. v. Fogerty, 94 F.3d 553, 558 (9th Cir. 1996) (citing Fogerty v. Fantasy, Inc.,

28   510 U.S. at 535 n. 19); Maljack Prod., Inc. v. GoodTimes Home Video, 81 F.3d 881, 889

(9th Cir. 1996).  Exceptional circumstances are not a prerequisite to an award of attorney fees and costs; district courts may freely award fees, so long as they treat prevailing plaintiffs and prevailing defendants alike and seek to promote the Copyright Act's objectives.  See Historical Research v. Cabral, 80 F.3d 377, 378 (9th Cir. 1996).

## III.     DISCUSSION

Here, Plaintiff's success is complete and unquestioned: a default judgment against Defendant including actual damages has been entered.  Plaintiff's claims cannot be characterized as frivolous, but were brought to vindicate the goals of the Copyright Act: the promotion of original works for the benefit of the public.  Although Defendant's apparent unwillingness to defend herself has limited Plaintiff's opportunities to present arguments on his own behalf, those arguments have been reasonable given the nature of the infringing conduct alleged.  Moreover, an award of attorney fees and costs in this action serves the goal of deterring similar misconduct, particularly Defendant's apparent practice of evading obligations under copyright law by simply failing to defend herself.  Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1104-05 (N.D. Cal. 2003).

Also, the amount Plaintiff is seeking to be added to the judgment, $3,298.70, is appropriate because it is based on suitably documented attorney fees and costs incurred  in the process of attaining, and to effectuate, this Court's judgment.  See Perfect 10, Inc. v. Talisman Commc'n Inc., No. 99-10450, 2000 WL 364813 (C.D. Cal. March 27, 2000).

## IV.     CONCLUSION

For the forgoing reasons this Court GRANTS the Motion for Supplemental Attorneys' Fees.

**IT IS SO ORDERED.**

Dated:  February 6, 2012

_____
CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE